**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **No. 1:12-cr-00150-YK-1** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **ERIC J. JOHNSON,** | : | |
| **Defendant** | : | |
| | : | |

**MEMORANDUM**

Before the Court is Defendant Eric Johnson's motion to withdraw his guilty plea in the above-captioned action. (Doc. No. 57.) The motion has been briefed and is now ripe for disposition. For the reasons that follow, the Court will deny Defendant's motion.

**I.    BACKGROUND**

On July 16, 2013, pursuant to a plea agreement with the United States of America, Defendant Eric Johnson pleaded guilty to violating 21 U.S.C. § 846, conspiracy to distribute cocaine hydrochloride and crack cocaine. (Doc. Nos. 34, 43.) On December 5, 2013, the same day on which Defendant was scheduled to be sentenced, Defendant informed the Court that he wished to fire his attorney and withdraw his guilty plea. The Court granted Defendant's motion for appointment of new counsel (Doc. No. 52), and on January 27, 2014, Defendant filed a motion to withdraw his guilty plea (Doc. No. 57). On June 25, 2014, the Court held a hearing at which it heard testimony from Defendant Johnson and his former counsel, Thomas Thornton. (Doc. No. 66.) At the hearing, the Court ascertained that Defendant is 43 years of age, literate, attended high school through tenth grade, and obtained a G.E.D. (June 25th, 2014 Hearing Transcript at 13:7-16.)

**II.    STANDARD OF REVIEW**

A district court's ruling on a defendant's motion to withdraw his guilty plea is reviewed for abuse of discretion.  United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995).  Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant must have a "fair and just reason" for withdrawing a plea of guilty.  A district court considers three factors when evaluating a defendant's motion to withdraw a plea of guilty: (1) whether the defendant asserts his innocence, (2) the strength of the defendant's reasons for withdrawing the plea, and (3) whether the government would be prejudiced by the withdrawal.  United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted).  The burden of production rests on the defendant, and the burden is "substantial"; i.e., "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty."  Jones, 336 F.3d at 252 (citation and quotation marks omitted).

## III.    DISCUSSION

Defendant puts forward three arguments in support of his motion to withdraw: (1) he was confused, under duress, and not thinking clearly at the time he entered his plea; (2) the amount of crack cocaine allegedly distributed by Defendant is grossly overstated; and (3) any prejudice suffered by the Government would be minimal, given that Defendant's trial could likely be concluded in a day.  (Doc. No. 58 at 5.)  Defendant also asserts that the voluntariness of his plea was negated by ineffective assistance of counsel he received from Assistant Federal Public Defender Thomas Thornton; specifically, that Attorney Thornton informed him that he would face a ten to twelve-year term of imprisonment if he pleaded guilty, not twenty years.  (Doc. No. 58 at 5.)  The United States' primary argument in opposition is that Defendant has not

2

sufficiently asserted innocence, but instead disputes the amount of drugs he is charged with distributing.  (Doc. No. 61 at 5-6) ("At best, the defendant is contesting the amount of drugs that are attributable to him . . . [f]or this reason alone, the defendant's motion is fatally flawed.").  The United States also takes issue with Defendant's claim that his counsel was ineffective, arguing that the guilty plea hearing transcript makes clear that Defendant was well-apprised at the time he entered his plea that he potentially faced a twenty-year term of imprisonment.  (Doc. No. 61 at 11-12.)

   **A.     Assertion of innocence**

   "Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw her guilty plea."  United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001) (citation omitted).  Once a defendant has pleaded guilty, he must not only reassert innocence, but also provide sufficient reasons to explain why contradictory reasons were taken before the district court and why the court should grant him permission to withdraw his guilty plea.  Jones, 336 F.3d at 253 (citation and quotation marks omitted).  In his brief in support of his motion to withdraw, Defendant "necessarily" asserts his innocence by arguing that he is being prosecuted for the acts of Darnell Bussey, his former associate and supplier, and, at no point did he distribute or possess more than 840 grams of crack cocaine as alleged.  (Doc. No. 58 at 4.)  The United States argues that his assertion is insufficient, as Defendant is merely contesting the amount of drugs attributed to him, but does not assert he is innocent of the offense.  (Doc. No. 61 at 8.)  The Court agrees with the United States.  During the hearing, Defendant admitted he pled guilty to Count Four, and, that he was guilty of a "drug sale."  (June 25, 2014 Hearing Transcript at 16:13-17, 30:3-9.) Accordingly, the Court finds that Defendant did not "meaningfully reassert" his innocence, nor

did he offer any credible facts that would support his claim of innocence, see Jones, 336 F.3d at 253, and thus the first factor weighs against Defendant.

**B.      Strength of reasons for withdrawing plea**

Defendant argues that the voluntariness of his plea was tainted by ineffective assistance of counsel he received from Assistant Federal Public Defender Thomas Thornton, who he alleges told him that he would face only a ten to twelve-year sentence of imprisonment were he to plead guilty.  (Doc. No. 58 at 5.)  Defendant contends that he only learned during his change of plea hearing that he could face an approximately twenty-year period of imprisonment.  (Doc. No. 58 at 6.)  In response, the United States argues that Defendant was advised during the guilty plea hearing that any estimate of his sentence was not binding on the court, and that he faced a twenty-year term of imprisonment by pleading guilty.  (Doc. No. 61 at 10.)

 In order for a guilty plea to be valid, it must "represent a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Jones, 336 F.3d at 253 (citation and quotation marks omitted).  A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if the defendant "shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, [. . . ] and the defendant shows that he suffered sufficient prejudice from his counsel's errors."  Jones, 336 F.3d at 253-254 (citation and quotation marks omitted).

The Court finds that Defendant has failed to demonstrate that the alleged ineffective assistance of his former counsel negates the voluntariness of his plea.  Defendant's brief and testimony at the hearing, as well as his former counsel's testimony at the hearing, does not establish that his attorney's advice was unreasonable under prevailing professional norms and

warrants permitting Defendant to withdraw his plea.  First, Defendant's former counsel, a

veteran public defender of thirty years experience, testified that he did not make any promises to

Defendant concerning the potential length of his sentence were Defendant to plead guilty.  (June

25, 2014 Hearing Transcript at 42:24-25.)  Second, although Defendant submits that Attorney

Thornton misled him about the possible length of his sentence, the Court finds that Chief

Magistrate Judge Carlson engaged Defendant in a lengthy and extensive colloquy during which

Defendant acknowledged that he could receive a twenty-year term of imprisonment, and that no

one had made any promises to him about his sentence.  (Doc. No. 53 at 11:24-25, 12:1-8, 15:4-8,

15:23-25, 16:1-9.)  During the hearing the undersigned held on June 25, 2014, Defendant

confirmed that Magistrate Judge Carlson told him that his maximum sentence could reach twenty

years in length.  (June 25, 2014 Hearing Transcript at 5:20-22.)  Accordingly, the Court finds

that Defendant has failed to establish any "just reason" that would require allowing him to

withdraw his plea of guilty.  See Jones, 336 F.3d at 253-254

C.      **Potential prejudice to the United States**

Defendant asserts that any prejudice suffered by the United States would be insignificant

compared to the injustice that would result from denying his motion.  (Doc. No. 58 at 5.)

Defendant submits that he believes his trial could be concluded in one day.  (Id.)  The United

States does not offer any arguments on whether it would suffer prejudice in its brief in

opposition.  As such the Court finds this factor does not weigh in favor of either party.

IV.    **CONCLUSION**

For the reasons cited above, the Court will deny Defendant's motion to withdraw his plea

of guilty.  An order consistent with this memorandum follows.

5