IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JOHNSON, | : |
|     Petitioner | : |
| | :   No. 1:12-cr-150 |
| v. | : |
| | :   (Judge Kane) |
| UNITED STATES OF AMERICA, | : |
|     Respondent | : |

**MEMORANDUM**

Before the Court is Petitioner Eric Johnson's ("Petitioner" or "Johnson"), motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 98.) For the reasons that follow, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On June 13, 2012, the United States entered a four-count Indictment against Petitioner, charging him with multiple violations of the Controlled Substances Act. (Doc. No. 1.) Count I alleged that Petitioner was responsible for distributing and possessing with the intent to distribute at least 280 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Id.) Count II alleged that Johnson traveled in interstate commerce to further the drug trafficking activity described in the other counts of the Indictment in violation of 18 U.S.C. § 1952(a)(3). (Id.) Count III charged Johnson with using a communication facility such as a telephone or cellphone to further felony drug trafficking crimes in violation of 21 U.S.C. § 843(b). (Id.) Count IV, which incorporated Counts I-III of the Indictment, alleged that Johnson was engaged in a criminal conspiracy to distribute at least 280 grams of crack cocaine in violation of 21 U.S.C. § 846. (Id.)

1

On July 17, 2012, Petitioner appeared before Magistrate Judge Smyser and pleaded not guilty to the Indictment. (Doc. No. 11.) Thomas A. Thornton, of the Federal Public Defender's Office ("Attorney Thornton"), represented Petitioner, who entered into plea negotiations with the Government, resulting in a plea agreement. (Doc. No. 34.) The agreement called for Petitioner to plead guilty to a one-count Superseding Information asserting a violation of 21 U.S.C. § 846. (Id.) In essence, the Superseding Information was Count IV of the original Indictment without representing the quantity of drugs in the count. (Id.)

On July 16, 2013, Johnson appeared before Magistrate Judge Carlson. (Doc. No. 41.) Johnson was advised that he faced up to twenty (20) years' imprisonment by pleading guilty to the Superseding Information, and that the drug quantity would be in dispute. (Doc. No. 53.) Petitioner pled guilty and Magistrate Judge Carlson recommended to the Court that his guilty plea be accepted. (Doc. Nos. 43, 45.)

The United States Probation Office prepared a Presentence Report ("PSR"), which classified Johnson as a career offender with a criminal history category of VI. Based on the amount of drugs the Probation Office determined to be involved, Johnson was assigned a total offense level of 33, after application of a two-level upward adjustment for possession of a dangerous weapon and then a three-level reduction for acceptance of responsibility. Because of the statutory maximum of 20 years, Johnson's guideline range was restricted to 235-240 months. (PSR at 11.)

In a letter dated September 26, 2013 from Attorney Thornton to John Vought of the United States Probation Office, Johnson objected to the drug quantity and the two-level enhancement for possession of a firearm, arguing that the quantity of drugs and the firearm

found in a van that was searched at the time of his arrest should not be attributable to him, as he did not possess the van. (Doc. No. 108-1.) At his sentencing hearing on December 5, 2013, Johnson asked that Attorney Thornton be removed, and new counsel appointed. By Order of the same date, the Court granted Johson's motion and appointed Attorney Terrance J. McGowan, ("Attorney McGowan"), to represent him. (Doc. No. 52.) Subsequently, Johnson filed a motion to withdraw his guilty plea with a supporting brief. (Doc. Nos. 57, 58.) The Court held a hearing on Johnson's motion on June 25, 2014, during which both Johnson and Attorney Thornton testified. By Memorandum and Order dated June 30, 2014, the Court denied Johnson's motion. (Doc. Nos. 67, 68.)

On July 30, 2014, the Court conducted Johnson's sentencing hearing, at which time the Court addressed Johnson's objections to the PSR. After hearing the testimony of several witnesses and the arguments of counsel, the Court agreed with Johnson that his criminal history category of VI was too high, and reduced it to IV. (Doc. No. 79 at 115.) Accordingly, with an offense level of 33, Johnson's imprisonment guidelines range was 188-235 months' imprisonment. (Id.) The Court sentenced him to 200 months' imprisonment. (Doc. No. 76.)

Johnson, through Attorney McGowan, filed an appeal on August 5, 2014, alleging ineffective assistance of counsel by his original counsel, Attorney Thornton. (Doc. No. 77.) On March 25, 2015, the Court of Appeals for the Third Circuit affirmed this Court's judgment. (Doc. No. 89.) In an opinion accompanying its mandate issued May 1, 2015, the Third Circuit addressed Johnson's claim of ineffective assistance of counsel as to Attorney Thornton, and finding it to be without merit, affirmed his conviction and sentence. (Doc. No. 90-1 at 2, 10.) On October 26, 2015, Johnson filed a Motion to Reduce Sentence pursuant to USSC

Amendment 182 (Doc. No. 91), which the Court granted on April 27, 2016, reducing his sentence from 200 months' imprisonment to 188 months' imprisonment. (Doc. No. 100.)

On April 25, 2016, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that he was denied his constitutional right to effective assistance of counsel. (Doc. No. 98.) Petitioner also filed a supporting brief. (Doc. No. 99.) On May 18, 2016, the Court issued Petitioner a notice of election, informing him of his rights to file a petition for relief, the potential bar on subsequent petitions, and the one-year statute of limitations. (Doc. No. 102.) On May 26, 2016, Petitioner returned the notice of election. (Doc. No. 103.) Subsequently, the Court ordered service of his motion on the United States. (Doc. No. 104.) The United States filed its opposition to the motion on October 14, 2016. (Doc. No. 108.) After seeking an extension of time to file a reply (Doc. No. 111), which was granted by the Court (Doc. No. 112), Petitioner failed to file a reply brief. Accordingly, Petitioner's Section 2255 motion is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged

4

error raises "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AELPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244.

In order to establish entitlement to relief, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires Petitioner to "establish first that counsel's performance was deficient." Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. In this way, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." Id.

Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." Id. This prong requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694). "Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

### III. DISCUSSION

    A.    **Petitioner's Ineffective Assistance of Counsel Argument**

In his motion, Johnson argues that Attorney McGowan, counsel appointed to represent him at sentencing and on appeal, was ineffective in failing to object to this Court's consideration and inclusion of evidence found inside a van that was searched at the time of his arrest, namely, a substantial amount of drugs and a firearm, in connection with a determination of his guidelines range. Johnson argues that his counsel should have objected to this evidence, and that he failed to ensure that the Court made appropriate factual findings with regard to this evidence. (Doc. No. 98 at 1-2.) Further, Johnson argues that defense counsel erred on appeal by failing to argue that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) in connection with his sentencing. (Id.) In response, the Government maintains that the record of this case refutes all of Johnson's arguments. (Doc. No. 108 at 5.)[1]

1. **Representation by Sentencing Counsel**

Petitioner claims that his sentencing counsel exhibited ineffectiveness in his failure to object to the evidence of the firearm and drugs found in the van, and his failure to ensure that the Court made appropriate factual findings with regard to this evidence. As it relates to the Petitioner's claim that his sentencing counsel failed to object to the inclusion of the firearm and

---

[1] To the extent that Petitioner's allegations can be construed as raising a challenge to the assistance provided by Attorney Thornton, the Court declines to address any such claim. As a general practice, "issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion." United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993)). Indeed, "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981). In its decision on Johnson's appeal of his conviction and sentence, the Third Circuit found that Attorney Thornton's representation was not unreasonable. (Doc. No. 90-1 at 10.) Accordingly, to the extent that Johnson's motion can be construed as raising any claims regarding Attorney Thornton's representation, the Court will not address such claims.

drugs evidence, the Court's review of the transcript of his sentencing hearing reveals that Attorney McGowan pressed objections to the inclusion of the firearm and drugs recovered from the van in a determination of Johnson's guidelines range. (Doc. No. 79 at 89-90, 95-104.) The Court conducted an extensive sentencing hearing at which Johnson's objections were fully and fairly litigated. The Court heard the testimony of several witnesses and the arguments of counsel on the matter. Accordingly, the Court finds that Petitioner's claim that his sentencing counsel was ineffective for failing to object to the firearm and drugs evidence found in the van is meritless, as it conflicts with the record.

Moreover, contrary to Petitioner's assertion that Attorney McGowan failed to ensure that the Court ruled on his objection to the evidence recovered from the van, a review of the transcript of his sentencing hearing reveals that the Court did in fact rule on the objection, finding Johnson's testimony as to his lack of possession of the evidence in the van not credible, and therefore, ruling that the firearm and drugs recovered from the van were properly considered in determining Johnson's guidelines range. (Id. at 99-104.) However, the Court upheld Johnson's objection to the inclusion of an amount of drugs a Confidential Informant said Johnson had supplied in determining his guidelines range. (Id. at 94.) Ultimately, the Court reduced Johnson's criminal history category from VI to IV based on Attorney McGowan's arguments. (Id. at 115.) In addition, the Court fully explained the reasons for the sentence imposed at the hearing. (Id. at 116, 119.) Accordingly, the Court finds that Petitioner's claim that his sentencing counsel was ineffective for failing to ensure that the Court made appropriate factual findings is meritless, as it conflicts with the record. Petitioner simply cannot demonstrate that his sentencing counsel's representation was deficient, when a review of the sentencing

7

hearing transcript reveals that counsel pursued all the issues of which Petitioner now complains.

### 2. Representation by Appellate Counsel

Petitioner makes the additional argument that Attorney McGowan's representation on appeal was ineffective. While the Strickland standard applies to the actions of appellate counsel, see Smith v. Robbins, 528 U.S. 259, 285 (2000), "it is a well established principle that counsel decides which issues to pursue on appeal." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citation omitted). Appellate counsel need not raise every nonfrivolous claim a defendant seeks to assert. Jones v. Barnes, 463 U.S. 745, 751 (1983). Accordingly, it can be difficult to demonstrate ineffective assistance of appellate counsel, and "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." See Robbins, 528 U.S. at 288 (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

Johnson maintains that his appellate counsel was ineffective for failing to argue that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B).[2] However, as the Court explained above, the record of this case belies Johnson's claim regarding the Court's alleged failure to rule on Johnson's objection to the firearm and drug evidence in the van in connection with his sentencing, and therefore, there was no violation of Federal Rule of Criminal Procedure 32(i)(3)(B). Accordingly, any argument that appellate counsel could have made in this regard would have been meritless. Johnson has failed to show that Attorney McGowan's representation

---

[2] Federal Rule of Criminal Procedure 32(i)(3)(B) provides that a district court "must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute, or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. . . ."

on appeal was deficient for failing to raise a claim with regard to Federal Rule of Criminal Procedure 32(i)(B)(3).

To the extent that Johnson claims that appellate counsel should have challenged the Court's ultimate finding that Johnson possessed the van and therefore the firearm and drugs found in it for the purpose of calculating his guidelines range, such a claim similarly fails, as the Third Circuit affirmed Johnson's conviction and sentence on appeal. In doing so, it specifically addressed the additional drug and gun evidence, stating:

> Johnson has presented no credible evidence suggesting that a motion to suppress the additional drugs and gun could have succeeded. Indeed, the District Court found that at least 933.3 grams were attributable to Johnson, a factual determination that the record supports and which we will not disturb.

(Doc. No. 90-1 at 10.)

Accordingly, Johnson has failed to demonstrate that appellate counsel's representation was deficient, or that even assuming such representation was deficient, he was prejudiced as a result; therefore, his claim that appellate counsel's representation was constitutionally ineffective is meritless.

### B. Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545

9

(3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

### C. Certificate of appealability

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. As discussed more fully above, the Court concludes that Petitioner's claim of ineffective assistance of counsel is meritless. A COA, therefore, will not issue in this case.

## IV. CONCLUSION

The Court finds that Petitioner has not stated any claims in his Section 2255 motion that merit relief and will deny the motion. Accordingly, the Court will not conduct an evidentiary hearing and will not appoint counsel. An order consistent with this memorandum follows.

       s/ Yvette Kane
       Yvette Kane, District Judge
       United States District Court
       Middle District of Pennsylvania